## PRIORITY AMONG MORTGAGES EXECUTED BY HEIRS.

Court of Appeals for Hamilton County.

AMELIA SCHELL v. MATHILDA BERNHARD ET AL.

Decided, July 19, 1915.

*Mortgages—Acceptance of Mortgage from Heirs—In Satisfaction of Claim against Estate—Not a Waiver of Priority Over Previous Mortgages by the Heirs, When.*

One who holds a claim against the estate of a decedent does not, by accepting a mortgage executed by the heirs, waive his priority over previous mortgages by the heirs, in so far as these mortgages to pay off general creditors of the estate, the subsequent mortgage containing a recital disavowing any intention to waive such priority.

*George D. Harper* and *Black, Swing & Black,* for Southern Ohio Loan & Trust Co.

*Johnson & Levy,* for Western & Southern Life Insurance Co.

*Kramer & Bettman,* for the Alms & Doepke Co.

JONES (E. H.), J.

This is an action for partition of real estate left to Karl Romer, deceased. Action was brought by the plaintiff, Amelia Schell, daughter of said Karl Romer, against the other surviving children, the Alms & Doepke Company, the Western & Southern Life Insurance Company, the Southern Ohio Savings Bank Company et al.

There is no controversy among the heirs as to their respective shares in the realty. The issues drawn by the pleadings and upon which the case was appealed to this court are between the mortgagees, the same being the Western & Southern Life Insurance Company, the Southern Ohio Savings Bank Company and the Alms & Doepke Company, all of whom hold mortgages upon the property which bear date subsequent to the death of said Karl Romer and were executed by his widow and children. At the time of the death of Karl Romer he owed a considerable sum of money to the Alms & Doepke Com-

pany. The two other mortgagees at that time held mortgages on the real estate herein partitioned. The subsequent mortgages to them were given to secure loans which embraced the sums due upon the former mortgages and also additional sums in each case procured by the heirs to pay off the indebtedness of the estate. It was fifteen months or more after the death of said Karl Romer, and some time after these mortgages were given, that the mortgage to the Alms & Doepke Company was executed and delivered by the widow and next of kin to secure the payment of the debt owing to said company by decedent.

The question we are called upon to decide is whether or not the Alms & Doepke Company, by accepting this mortgage, waived the priority of its claim against decedent's estate in favor of the other two mortgagees. No question is raised by the Alms & Doepke Company as to the priority of their mortgage in so far as they represent money advanced to take up and cancel mortgage loans existing at Karl Romer's death. But as to the additional loans represented by said two mortgages, advanced as aforesaid for the payment of general claims, it is claimed that the mortgage of the Alms & Deopke Company has priority.

We must be content in this decision to thus briefly state the issue that we are called upon to decide, and more briefly state the conclusion which we have reached.

The mortgage deed, given to the Alms & Doepke Company as aforesaid, in addition to the usual provisions contains the following recital:

"It being understood and agreed that the Alms & Doepke Co. by the acceptance of this mortgage does not admit the priority of said mortgages of the Southern Ohio Savings Bank Company and the Western & Southern Life Insurance Company, except in so far as the two mortgages were given to take up mortgages made by said Karl Romer in his lifetime."

And it also names the following consideration:

"In consideration of one dollar to them in hand paid by the Alms & Doepke Company, and in further consideration of the Alms & Doepke Company forbearing to proceed against said real estate of Karl Romer, deceased, to satisfy said claim,

as hereinafter provided, and for other good and valuable considerations,'' etc.

The amount secured by this mortgage, to-wit, $4,581.17, was made payable in three annual equal installments due in one, two and three years from date, respectively.

It is earnestly contended by the attorneys for the prior mortgagees that by extending the time of payment of its claim, and the acceptance of the mortgage and by forbearing to press its claim, for collection, the Alms & Doepke Company has waived the priority which the law gives to its claim, and is estopped to assert such priority as against the two mortgages which are prior in point of time of execution and record.

We take it as elementary that there can be no waiver of a right unless same is expressed by word or in writing, or unless the acts and conduct of the party have been such that a waiver will be presumed. It is not claimed that there has been any express waiver on the part of the Alms & Doepke Company, but a great deal has been said in argument and by brief in support of the latter alternative, viz., that the waiver is to be presumed in this case by the acceptance of the mortgage and extension of time of payment, etc., provided therein.

Numerous cases are cited by counsel on both sides to show when and under what circumstances a waiver is or is not to be presumed. These cases have been examined, together with other authorities upon the subject, and we have yet to see a single case where a court has declined to discuss the presumption or non-presumption of a waiver, or the question of estoppel, where the instrument in question, or the language used, contained statements expressly disclaiming any intention to waive, as does this Alms & Doepke Company mortgage.

It might well be contended as between the parties to this mortgage. that the mortgagee has by its acceptance delayed its right to enforce its claim or lien. In fact, the language of the instrument, as above quoted, shows that the Alms & Doepke Company was to forbear in the enforcement of its claim. This only draws our attention to the distinction between the right of a lien, and the right of enforcement of a lien. The latter

question is not involved in this case. All of the lien holders were brought into this partition proceeding as defendants and have filed answers asking for the protection of their rights. The nature of the proceeding and the consequent partition of the property requires a satisfaction of these liens. The action was brought by one of the very persons in whose favor the Alms & Doepke Company agreed to forbear and neither she nor any of her co-mortgagors are complaining or interposing any objection to the priority claimed by the Alms & Doepke Company.

In conclusion we will only state that we can not see how these other mortgagees can be heard to complain or to claim any right or benefit to be derived by reason of a subsequent transaction about which they knew nothing, and to which they were not parties. The parties to the Alms & Doepke mortgage all expressly agreed that no right of the company should be deemed waived thereby. We find no authority that will enable the insurance company or the savings bank company to derive any benefit or occupy any better position by reason of this transaction. It must be conceded that it was not within the power of the parties to the Alms & Doepke mortgage to impair the rights of the other mortgagees. How, then, can it be maintained that the transaction could inure to their benefit? We are of the opinion that the purpose of the Alms & Doepke mortgage was to induce the company to forbear to proceed against the real estate. That agreement and that purpose in no way affected the rights of the other mortgagees. Any intention to waive was expressly disclaimed.

So far as the mortgages given to the savings bank company and the insurance company cover moneys not used for taking up decedent's mortgages, they are held to be inferior and subject to the Alms & Doepke mortgage.